UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK WAYNE CLARK,

        Plaintiff,

    v.

ROBERTA F. KANIVE, *et al.,*

        Defendants.

CASE NO. C10-5203RBL

ORDER REGARDING PENDING MOTIONS

This matter comes before the court on the following motions submitted by plaintiff: (i) a motion for an extension of time to file a reply brief (ECF No. 25); (ii) a motion asking the court to withdraw its scheduling order (ECF No. 26); (iii) a motion to intervene (ECF No. 29), (iv) a motion for an extension of time to serve his complaint on certain defendants (ECF No. 38), and (v) a praecipe asking the Clerk to issue subpoenas to take depositions and a related motion (ECF No. 37 & 41).

The Court, having reviewed the motion, defendants' opposition, and the balance of the record, does hereby ORDER:

(1) Plaintiff's motion for an extension of time to file a reply brief (ECF No. 25) regarding an underlying motion to file an amended or supplemental complaint is **DENIED**. The

ORDER - 1

motion was received by the clerk on September 10, 2010.  The court ruled on the underlying motion on September 9, 2010.  Accordingly, the motion for an extension of time to file a reply brief is moot.  The court notes plaintiff objected to the order denying his request to file his amended complaint, which was overruled by the Honorable Ronald B. Leighton.  *See* ECF No. 35.

(2)     Plaintiff's motion asking the court to withdraw it pretrial scheduling order (ECF No. 26) is **GRANTED**.  Plaintiff's motion seeks additional time to conduct pretrial discovery and trial preparation due to the fact that several defendants had not appeared at the time the court's scheduling order was issued.  Most, if not all, named defendants have now appeared in the case, and no opposition to the motion has been filed.  Accordingly, the court finds it is appropriate to withdraw the prior pretrial deadlines and the following schedule shall be applied:

All discovery shall be completed by **MARCH 1, 2011**.  Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date.  Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within thirty (30) days after service of the interrogatories.  The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

Any dispositive motion shall be filed and served on or before **APRIL 21, 2011**.  A party must file with the motion a supporting memorandum.  The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar.  That date shall be the fourth Friday following filing of the dispositive motion.  All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for

ORDER - 2

consideration of the motion.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits.  A duplicate copy of all such papers shall be delivered along with the originals to the Clerk of this court.  The originals and copies must indicate in the upper right-hand corner the name of the magistrate judge to whom the copies are to be delivered.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).  Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than **JUNE 1, 2011**. The joint status report shall contain the information specified in the court's previous scheduling order.

(3) Plaintiff's motion for the court to intervene in the discovery process (ECF No. 29) is **DENIED**. Plaintiff asks the court to intervene in the discovery process due to the alleged failure of opposing counsel to cooperate. Plaintiff does not seek or ask the court to compel a response to a specific unanswered discover request. Plaintiff's request for the court to intervene in such a general manner is inappropriate. The court notes that in response to plaintiff's motion defendants counsel has telephonically conferred with plaintiff regarding his frustrations (ECF No. 36).

(4) Plaintiff's motion for an extension of time (ECF No. 38) is **GRANTED**. Plaintiff agrees that certain Spectrum defendants have not been properly served with a summons and copy of the complaint in this matter and he seeks an extension of time to perform this duty. Defendants do not oppose the motion (ECF No. 39 &40). Accordingly, the court grants plaintiff forty-five (45) days to properly serve defendants in this matter.

(5) Plaintiff's praecipe and motion requesting subpoenas to depose certain individuals (ECF No. 37 &41) are **DENIED without prejudice**. Local Federal Rule of Civil Procedure CR 30, governing the testimony of individuals by deposition upon oral examination, provides:

> (2) If a party wishes to take the deposition of a person in custody, the party shall attempt to reach agreement with officials of the institution as to date, time, place, and maximum duration of the deposition. If agreement is reached, the party taking the deposition shall give notice as provided in Fed. R. Civ. P. 30(b), and no further order of the court is required. If agreement is not reached, the party noting the deposition shall serve a notice, at least 14 days before the proposed deposition, on the deponent, all other parties, the superintendent of the institution, and the attorney for the institution (e.g., the Washington Attorney General for a state prisoner, or the United States Attorney for a federal prisoner). Not later than seven days before the proposed deposition, the attorney for the institution may file, serve and note a motion objecting to the proposed deposition. In that event, the deposition shall not proceed until the

court has ruled on the motion. In the absence of a timely motion, the deposition may proceed as noted without further order of the court.

Federal Rule of Civil Procedure 26(b)(2) states that the court may limit discovery otherwise allowed if the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff's status as a prisoner creates impediments to certain methods of discovery. In light of the nature of plaintiff's allegations of constitutional violations, and taking into consideration the safety risks created when one inmate seeks to orally depose a witness, this court denies plaintiff's request to subpoena and take non-stenographic oral depositions at this juncture.

In light of this situation, plaintiff should explore other means to prepare for trial, such as written interrogatories and request for admission. Federal Rule of Civil Procedure 29 provides alternatives to general discovery practice and procedure, and the court encourages all parties to mutually work out discovery complications. Both parties should inform the court of stipulations made pursuant to Federal Rule of Civil Procedure 29.

(6)     The Clerk is directed to send copies of this order to plaintiff and counsel for the defendants.

DATED this 3rd day of November, 2010.

J. Richard Creatura
United States Magistrate Judge