UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK WAYNE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTA F. KANIVE, *et al.,*<br><br>Defendants. | Case No.  C10-5203RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 26, 2010 |

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

  The matter is before the court on plaintiff's motion for entry of default (ECF No. 27). In his motion for default, plaintiff asks the court to enter default against defendants Tambra Zanders, Cheryl Matthynssens, Christopher Reed, Erik Knudson, John/Jane Doe #1, and John/Jane #2.  The motion was filed on or about September 15, 2010, and each of the individuals identified are employees of the Spectrum Company, which operates a work program at the

REPORT AND RECOMMENDATION- 1

Stafford Creek Corrections Center where plaintiff was in custody.  Significantly, on or about September 23, 2010, counsel appeared on behalf of the named Spectrum defendants in addition to Tracy Harding (ECR No. 30).  The Spectrum defendants also filed an Answer to the Complaint (ECF No. 31) and a response to the motion for entry of default (ECF No. 32).

## DISCUSSION

The Federal Rules of Civil Procedure require defendants to answer a complaint within twenty (20) days from the date being served with the summons and complaint, or if service of the summons was timely waived, within sixty (60) days after the date when the request for waiver was sent. Fed. R. Civ. P. 12(a).  If a defendant fails to respond within that time, a default judgment may be entered.  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 108 S.Ct. 198 (1987).  Default judgments are generally disfavored and the court prefers a decision on the merits, In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

The court should deny plaintiff's motion for entry of default against the Spectrum defendants.  Counsel has appeared and an answer to plaintiff's complaint has been filed on behalf of the defendants to whom plaintiff seeks default.  As noted above, the court disfavors default and prefers that this matter should proceed on the merits of the case.  Plaintiff argues the appearance and answer were untimely; however, he has not shown any prejudice due to the alleged untimely response to his complaint.  Accordingly, entry of default against these defendants would be inappropriate.

## CONCLUSION

Based on the above, plaintiff's motion for entry of default (ECF No. 27) should be denied.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. Pro., the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.

REPORT AND RECOMMENDATION- 2

1  Failure to file objections will result in a waiver of those objections for purposes of appeal.

2  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the

3  clerk is directed to set the matter for consideration on **November 26, 2010,** as noted in the

4  caption.

       Dated this 3rd day of November, 2010.

                                    J. Richard Creatura
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION- 3