UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK WAYNE CLARK,

Plaintiff,

v.

PAT GLEBE, *et al.*,

Defendants.

CASE NO. C10-5203RBL

ORDER GRANTING MOTION FOR EXTENSION OF TIME

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. The matter is before this court on plaintiff's Motion for Extension of Time to Complete the Discovery Process. (ECF No. 44.) Defendants Pat Glebe, Kerry Arlow and Al Lopez (hereinafter "the Department of Corrections defendants") have filed a Response. (ECF No. 45.)

This court's original scheduling order set a discovery cutoff date of November 5, 2010. (ECF No. 18.) On November 3, 2010, this court granted plaintiff's motion asking the court to withdraw its pretrial scheduling order (ECF No. 26); and, this court set new pretrial deadlines and a new schedule. (ECF No. 42, at pp. 2-4.) This court ordered that all discovery shall be

completed by March 1, 2011, thereby extending discovery for 114 days from the original discovery cutoff date.

On November 8, 2010, plaintiff, who is proceeding pro se, filed the underlying motion requesting a 120-180 day extension of the discovery cutoff date because of difficulties obtaining discovery and because of difficulties effectuating service of process on several defendants employed by the Spectrum Company. (Motion for Extension, ECF No. 44, at pp. 3-8.) In his motion, plaintiff contends that "there would be no prejudice to the defendants in granting the plaintiff the additional time requested as both the [Department of Corrections] and Spectrum attorneys have also expressed a need for additional time in the amount of 180 days to complete discovery and to resolve the 'service' issue". (Id. at pp. 8-9.) In their response, the Department of Corrections defendants state that they "do not oppose an order granting additional time to conduct discovery as requested by plaintiff." (Response, ECF No. 45, at p. 2.)

The court, having reviewed plaintiff's Motion for Extension, defendants' Response, and the balance of the record, does hereby ORDER:

Plaintiff's Motion for Extension of Time to Complete the Discovery Process (ECF No. 44) is **GRANTED**. Accordingly, the court finds it is appropriate to withdraw the prior pretrial deadlines put forth in the November 3, 2010 order; and, the following schedule shall be applied:

All discovery shall be completed by **MAY 9, 2011**. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b)(2) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

Any dispositive motion shall be filed and served on or before **JUNE 30, 2011**. A party must file a supporting memorandum with the motion. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar. That date shall be the fourth Friday following filing of the dispositive motion. All briefs and affidavits in opposition to any motion shall be filed and served no later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file a response to the opposing party's briefs and affidavits not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion. A duplicate copy of all such papers shall be delivered, along with the originals, to the Clerk of this court. The originals and copies must indicate in the upper right-hand corner the name of the magistrate judge to whom the copies are to be delivered.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant’s declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary

judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998). Furthermore, Local Rule CR 7(b)(2) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than **AUGUST 10, 2011**. The joint status report shall contain the information specified in this court's original scheduling order. (See ECF No. 18, at pp. 3-4.)

The Clerk is directed to send copies of this order to plaintiff and counsel for the defendants.

DATED this 16th day of November, 2010.

J. Richard Creatura
United States Magistrate Judge